[Cite as *State v. Zamora*, 2023-Ohio-1847.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2022-10-060 |
| | | CA2022-11-071 |
| | : | |
| - vs - | : | O P I N I O N |
| | : | 6/5/2023 |
| CARLOS F. ZAMORA, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2022 CR 0153

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Carlos F. Zamora, appeals his conviction in the Clermont County Court of Common Pleas after a jury found him guilty of six counts of first-degree felony rape and three counts of third-degree felony gross sexual imposition, all of which Zamora

perpetrated against an under 13-year-old child.  For the reasons outlined below, we affirm Zamora's conviction.

**Facts and Procedural History**

{¶ 2}   On February 10, 2022, the Clermont County Grand Jury returned a multi-count indictment against Zamora.  Counts 1, 3, 5, 6, 7, and 8 of the indictment charged Zamora with six counts of first-degree felony rape in violation of R.C. 2907.02(A)(1)(b).[1] Counts 9, 10, and 11 of the indictment charged Zamora with three counts of third-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(4).  The charges arose after the under 13-year-old victim, Jessica, alleged Zamora had been sexually abusing her while they were both living in the same home located in Clermont County, Ohio.[2]  This included Jessica alleging Zamora had raped her multiple times both with his penis and digitally with his finger(s).  This also included Jessica alleging Zamora had frequently touched her thighs, buttocks, and breasts for purposes of his own sexual arousal or gratification.

{¶ 3}   From August 15 to 17, 2022, the trial court held a three-day jury trial on the matter.  During the trial, the jury heard testimony from several witnesses.  This included testimony from the still under 13-year-old victim, Jessica, describing the sexual abuse that Zamora had inflicted upon her.  After both parties rested, and following deliberations, the jury returned verdicts finding Zamora guilty on all nine counts for which he was tried.  The following month, the trial court sentenced Zamora to serve an indefinite, mandatory minimum sentence of 30-years-to-life in prison, less 421 days of jail-time credit.  The trial court also classified Zamora as a Tier III sex offender.  Zamora now appeals his conviction, raising three assignments of error for review.

1. We note that Counts 2 and 4 of the indictment were subsequently dismissed by the state.

2. For readability purposes, and to protect the victim's identity, we will not use the victim's name or initials, but will instead refer to the victim as "Jessica" throughout this opinion.

**Assignment of Error No. 1:**

{¶ 4} APPELLANT'S CONVICTION [WAS] BASED UPON INSUFFICIENT EVIDENCE.

{¶ 5} In his first assignment of error, Zamora argues the trial court erred by denying his Crim.R. 29(A) motion for acquittal as it relates to the six charges of first-degree felony rape set forth in Counts 1, 3, 5, 6, 7, and 8 of the indictment. Zamora also argues the trial court erred by denying his Crim.R. 29(A) motion for acquittal as it relates to the charge of third-degree felony gross sexual imposition set forth in Count 10 of the indictment. Under these circumstances, we apply the following standard of review.

*Crim.R. 29(A) Standard of Review*

{¶ 6} "The standard of review for a denial of a Crim.R. 29(A) motion for acquittal is the same as the standard of review for a sufficiency of the evidence claim." *State v. Wilson*, 12th Dist. Fayette No. CA2021-10-023, 2022-Ohio-1146, ¶ 27, citing *State v. Robinson*, 12th Dist. Butler No. CA2015-01-013, 2015-Ohio-4533, ¶ 37. "A claim challenging the sufficiency of the evidence invokes a due process concern and raises the question whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, ¶ 165, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, (1997). "When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. "The relevant inquiry is 'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Roper*, 12th Dist.

Clermont No. CA2021-05-019, 2022-Ohio-244, ¶ 39, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "This test 'requires a determination as to whether the state has met its burden of production at trial.'" *State v. Thompson*, 12th Dist. Butler No. CA2022-09-080, 2023-Ohio-559, ¶ 34, quoting *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34.

*Rape as Charged in Counts 1, 3, 5, 6, 7, and 8 of the Indictment*

{¶ 7} Zamora initially argues it was error for the trial court to deny his Crim.R. 29(A) motion for acquittal as it relates to the six charges of first-degree felony rape set forth within Counts 1, 3, 5, 6, 7, and 8 of the indictment. Those six charges alleged Zamora had on six separate occasions raped the under 13-year-old victim, Jessica, either with his penis or digitally with his finger in violation of R.C. 2907.02(A)(1)(b). This required the state to prove Zamora had engaged in "sexual conduct" with the under 13-year-old Jessica on each of those six occasions. The term "sexual conduct" is defined by R.C. 2907.01(A) to include "vaginal intercourse" between a male and female. The term "sexual conduct" is also defined by R.C. 2907.01(A) to include "the insertion, however slight, of any part of the body" into the "vaginal opening" of another. "Thus, when the phrases 'vaginal intercourse' and 'vaginal opening' are read together, it is apparent that sexual conduct occurs when there is penetration of the vaginal opening by a penis or other body part." *State v. Strong*, 1st Dist. Hamilton Nos. C-100484 and C-100486, 2011-Ohio-4947, ¶ 53. This necessarily includes digital penetration of the victim's vaginal opening with a finger or fingers. *Boles* at ¶ 38.

*Zamora's Argument and Analysis*

{¶ 8} Given the definition of "sexual conduct" under R.C. 2907.01(A), Zamora argues it was error for the trial court to deny his Crim.R. 29(A) motion for acquittal because the state failed to prove he had ever inserted his penis, his fingers, or any other part of his

body into Jessica's "vaginal opening" as required to sustain a conviction for rape in Counts 1, 3, 5, 6, 7, and 8 of the indictment. We disagree.

{¶ 9} The Ohio Revised Code does not define "vaginal opening" as that term is used in R.C. 2907.01(A). However, although not defined by the Ohio Revised Code, it is generally well established that penetration of the victim's "vaginal opening" has occurred where there was some forceful spreading of the external female genitalia, or vulva, which is comprised of lip-like folds of skin called the labia majora. *State v. McCoy*, 3d Dist. Marion No. 9-18-23, 2020-Ohio-4511, ¶ 72. Ohio courts have, in fact, "consistently held that vaginal penetration is proved when any object is applied with sufficient force to cause the labia majora to spread." *State v. Patterson*, 5th Dist. Tuscarawas No. 2020 AP 12 0025, 2021-Ohio-2387, ¶ 24. This penetration need only be slight, however. *State v. Remy*, 2d Dist. Clark No. 2017-CA-6, 2018-Ohio-2856, ¶ 27; *see, e.g., State v. Rowland*, 12th Dist. Warren No. CA2019-08-084, 2020-Ohio-2984, ¶ 20 ("[b]ased upon [the victim's] testimony, a jury could find that [appellant's] conduct in 'using his fingers to go between the lips' and touch her clitoris, which she described as 'located inside her vaginal opening,' necessarily caused [the victim's] labia majora to spread"). Therefore, as this court has stated previously, "if the object is introduced with sufficient force to cause the labia majora to spread, penetration has occurred." *State v. Meador*, 12th Dist. Warren No. CA2008-03-042, 2009-Ohio-6548, ¶ 12, citing *State v. Grant*, 2d Dist. Montgomery No. 19824, 2003-Ohio-7240, ¶ 30.

<u>Sufficient Evidence to Prove Vaginal Intercourse for Counts 7 and 8</u>

{¶ 10} Zamora argues the state failed to prove he had ever engaged in vaginal intercourse with the under 13-year-old Jessica to support the jury's verdicts finding him guilty of rape under Counts 7 and 8 of the indictment. This is because, according to Zamora, Jessica never testified that his penis touched the inside of her vagina, but only that his penis

had touched her on the outside of her vagina. However, when describing two of the times Zamora had touched her vagina with his penis, Jessica testified that it was "painful," the first time just "kind of" painful, with the second time "very" painful. Jessica also testified that she felt "pressure," "really bad pressure," when Zamora touched her vagina with his penis. Jessica further testified that when Zamora touched her vagina with his penis that he would be "kind of smiling" and "looking down a lot." This evidence, when viewed in a light most favorable to the state, was sufficient to prove Zamora had engaged in vaginal intercourse with Jessica to support the jury's verdicts finding him guilty of rape under Counts 7 and 8 of the indictment. That is to say, Jessica's testimony, if believed, was sufficient prove Zamora used his penis to cause Jessica's labia majora to spread to the point where she was in pain and felt pressure to her vagina, thereby establishing penetration of Jessica's vaginal opening had occurred. Zamora's claim otherwise lacks merit.

<u>Sufficient Evidence to Prove Digital Penetration for Counts 1, 3, 5, and 6</u>

{¶ 11} Zamora also argues the state failed to prove he had ever digitally penetrated the under 13-year-old Jessica's vaginal opening with his finger(s) to support the jury's verdicts finding him guilty of rape under Counts 1, 3, 5, and 6 of the indictment. To support this claim, Zamora notes that Jessica had again only testified that he had used his fingers to touch her on the outside of her vagina rather than on the inside of her vagina. However, when testifying about two of these four rapes, Counts 1 and 3, Jessica specifically stated that Zamora had used his fingers to either touch or glide his fingers "in between" her vagina's lips while Zamora was spreading her legs apart in the splits. Jessica used the same basic terminology when describing the other two rapes, Counts 5 and 6, both of which included Zamora using his fingers to either touch or glide his fingers "on" her vagina while Zamora was spreading her legs apart in the splits. This evidence, when viewed in a light

- 6 -

most favorable to the state, was sufficient to prove Zamora had digitally penetrated Jessica's vaginal opening with his finger(s) to support the jury's verdicts finding him guilty of rape under Counts 1, 3, 5, and 6 of the indictment. Zamora's claim otherwise again lacks merit.

{¶ 12} In so holding, we note that Jessica did not expressly state that Zamora had either touched or glided his fingers "in between" her vagina's lips during the rapes underlying Counts 1, 3, 5, and 6 of the indictment. This is of no consequence, however, given that Jessica testified that each of those rapes was exactly the same. This includes Jessica testifying that every time Zamora raped her digitally with his fingers that he would guide her to a bed, lay her down on her back, place a pillow on her stomach, put her feet up in the air, and spread her legs apart in the splits. This is in addition to Jessica's testimony that, although she did not know the legal definitions of "penetration" or "vaginal opening," she considered touching the "inside" of her vagina to be just when something went "through the hole" of her vagina rather than merely "in between" her vagina's lips. Jessica also testified that she considered her vagina's lips to be "outside of the vagina" rather than "inside" her vagina. Legally, however, "the vagina begins at the external genitalia, not some deeper internal structure." *State v. Artis*, 6th Dist. Lucas No. L-19-1267, 2021-Ohio-2965, ¶ 97. To the extent Zamora claims otherwise, such argument lacks merit.

*Gross Sexual Imposition as Charged in Count 10 of the Indictment*

{¶ 13} Zamora next argues it was error for the trial court to deny his Crim.R. 29(A) motion for acquittal as it relates to the third-degree felony gross sexual imposition charge set forth in Count 10 of the indictment. That charge alleged Zamora had violated R.C. 2907.05(A)(4) by slapping the under 13-year-old Jessica on her buttocks. Pursuant to R.C. 2907.05(A)(4), no person shall have "sexual contact" with another person who is less than

13 years old. R.C. 2907.01(B) defines the term "sexual contact" to mean "any touching of an erogenous zone of another," including the buttock, "for the purpose of sexually arousing or gratifying either person." "[T]here is no requirement that there be direct testimony regarding sexual arousal or gratification." *State v. Meredith*, 12th Dist. Warren No. CA2004-06-062, 2005-Ohio-2664, ¶ 13. Rather, "[w]hether the touching was performed for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact." *State v. Williams*, 12th Dist. Warren No. CA2012-08-080, 2013-Ohio-3410, ¶ 33. "If the trier of fact determines that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved." *State v. Pence*, 12th Dist. Warren No. CA2012-05-045, 2013-Ohio-1388, ¶ 78.

*Zamora's Argument and Analysis*

**{¶ 14}** Zamora argues the state did not provide sufficient evidence to prove his slapping of Jessica's buttocks was for the purpose of his sexual arousal or gratification. However, although Zamora claims this "single, quick slap" to Jessica's buttocks was just him being playful, when viewing the evidence in a light most favorable to the state, the record indicates that this slap occurred sometime after Zamora had told Jessica that the other girls in her school would be jealous because she had a "bigger butt" and was "more developed than other girls." The record also indicates that this slap occurred around the same time that Zamora had been raping Jessica both with his penis and digitally with his fingers. The record further indicates that this slap occurred at a time when Jessica was wearing her mother's high heels, something that Jessica testified she "always played with * * *." This evidence, when taken in a light most favorable to the state, was sufficient to prove Zamora's slapping of Jessica's buttocks was for the purpose of his own sexual arousal or

gratification. Zamora's claim otherwise again lacks merit. Therefore, finding no merit to any of Zamora's three arguments raised herein, Zamora's first assignment of error is overruled.

**Assignment of Error No. 2:**

{¶ 15} THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILTY UPON THE JURY'S VERDICT BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 16} In his second assignment of error, Zamora argues the jury's verdicts finding him guilty of six counts of first-degree felony rape set forth in Counts 1, 3, 5, 6, 7 and 8 of the indictment, as well as the three counts of third-degree felony gross sexual imposition set forth in Counts 9, 10, and 11 of the indictment, were all against the manifest weight of the evidence. We disagree.

*Manifest Weight of the Evidence Standard of Review*

{¶ 17} "[A] manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion." *State v. Messenger*, Slip Opinion No. 2022-Ohio-4562, ¶ 26. To that end, "[a] manifest weight of the evidence challenge examines the 'inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other.'" *State v. Dean*, 12th Dist. Madison Nos. CA2021-08-013 and CA2021-08-014, 2022-Ohio-3105, ¶ 62, quoting *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. When determining whether a jury's verdict is against the manifest weight of the evidence, this court must "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses," and "determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial." *State v.*

*Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 168. Applying this standard requires this court to function as a "thirteenth juror." *State v. Martin*, Slip Opinion No. 2022-Ohio-4175, ¶ 26. However, although acting as a "thirteenth juror," this court will overturn a conviction for being against the manifest weight of the evidence only in extraordinary circumstances where the evidence weighs heavily in favor of acquittal. *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 10, citing *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 43.

*Zamora's Argument and Analysis*

{¶ 18} Zamora argues the jury's verdicts finding him guilty of six counts of rape and three counts of gross sexual imposition are against the manifest weight of the evidence because there was not "substantial evidence" presented at trial to support the jury's verdicts. However, given the jury's verdicts, the jury clearly chose to credit most, if not all, of Jessica's testimony regarding the sexual abuse Zamora inflicted upon her. This includes Jessica's testimony describing how Zamora had on at least six separate occasions raped her either with his penis or with his fingers. This also includes Jessica's testimony describing the many instances where Zamora had touched her thighs, breasts, and buttocks for the purpose of his own sexual arousal or gratification. "A conviction is not against the manifest weight of the evidence simply because the trier of fact believed the testimony offered by the prosecution." *State v. Baker*, 12th Dist. Butler No. CA2019-08-146, 2020-Ohio-2882, ¶ 31. This is because, "[a]s the trier of fact in [the] case, the jury was in the best position to judge the credibility of witnesses and the weight to be given to the evidence." *State v. Johnson*, 12th Dist. Warren Nos. CA2019-07-076 and CA2019-08-080, 2020-Ohio-3501, ¶ 24. This holds true even in cases of rape. *See State v. Singh*, 12th Dist. Butler No. CA2021-12-158, 2022-Ohio-3385, ¶ 67 (appellant's rape conviction was not against the

manifest weight of the evidence where "the jury clearly found [the victim's] testimony, which was corroborated by the visible injuries she sustained and the DNA evidence obtained from the rape kit, credible"). Therefore, because the jury's verdicts finding Zamora guilty of the six counts of first-degree rape set forth in Counts 1, 3, 5, 6, 7 and 8 of the indictment, as well as the three counts of third-degree felony gross sexual imposition set forth in Counts 9, 10, and 11 of the indictment, were not against the evidence, Zamora's second assignment of error also lacks merit and is overruled.

**Assignment of Error No. 3:**

{¶ 19} APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE.

{¶ 20} In his third assignment of error, Zamora argues his trial counsel provided him with ineffective assistance of counsel. We disagree.

*Ineffective Assistance of Counsel Standard of Review*

{¶ 21} "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7. Because of this, "[a]n appellate court must give wide deference to the strategic and tactical choices made by trial counsel in determining whether counsel's performance was constitutionally ineffective." *State v. Reeves*, 12th Dist. Clermont No. CA2020-01-001, 2020-Ohio-5565, ¶ 32. Therefore, to establish an ineffective assistance of counsel claim, Zamora must demonstrate both that (1) his trial counsel's performance was deficient; and (2) his trial counsel's deficient performance was prejudicial to him. *State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, ¶ 18, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Trial counsel's performance is considered deficient where "that counsel's performance fell below an objective standard of reasonable representation * * *." *State v.*

*Drain*, Slip Opinion No. 2022-Ohio-3697, ¶ 67. Trial counsel's deficient performance is deemed prejudicial where there exists "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, ¶ 93. "The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim." *State v. Jewell*, 12th Dist. Warren No. CA2021-09-080, 2022-Ohio-2727, ¶ 19.

*Zamora's Argument and Analysis*

**{¶ 22}** Zamora argues his trial counsel was ineffective for not requesting an instruction on gross sexual imposition as a lesser included offense of rape.[3] However, "[i]n Ohio, there is a presumption that the failure to request an instruction on a lesser-included offense constitutes a matter of trial strategy and does not by itself establish plain error or the ineffective assistance of counsel." *State v. Moody*, 12th Dist. Butler No. CA2021-05-052, 2022-Ohio-2529, ¶ 31, citing *State v. Griffie*, 74 Ohio St.3d 332, 333 (1996) ("[f]ailure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel"). Zamora cannot overcome that presumption here. This is because, as the record indicates, it was a matter of trial strategy for Zamora's trial counsel to forego requesting an instruction on gross sexual imposition as a lesser included offense of rape. Specifically, to minimize Zamora's criminal exposure in hopes that the jury would provide him with a complete acquittal on each of the six charges of rape rather than risk a compromise verdict on the lesser included offense of gross sexual imposition. The fact that Zamora's trial counsel's strategy proved unsuccessful does not mean Zamora was provided with ineffective assistance for it is well-established that "even

---

3 The Ohio Supreme Court previously determined that gross sexual imposition in violation of R.C. 2907.05(A)(4) is a lesser included offense of rape in violation of 2907.02(A)(1)(b). *State v. Lynch*, 98 Ohio St.3d 514, 2003-Ohio-2284, ¶ 83.

'[d]ebatable trial tactics generally do not constitute ineffective assistance of counsel.'" *State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, ¶ 177, quoting *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 116.  Therefore, finding no merit to Zamora's argument advanced herein in support of his third assignment of error, Zamora's third assignment of error likewise lacks merit and is overruled.

### Conclusion

{¶ 23} For the reasons outlined above, and finding no merit to any of the arguments advanced by Zamora herein, Zamora's convictions for six counts of first-degree felony rape and three counts of third-degree felony gross sexual imposition are affirmed.

{¶ 24} Judgment affirmed.

PIPER and BYRNE, JJ., concur.