[Cite as *State v. Kettles*, 2023-Ohio-4024.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-03-005 |
| | : | O P I N I O N |
| - vs - | | 11/06/2023 |
| | : | |
| BRAYDON KETTLES, | : | |
| Appellant. | : | |

APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20220263

Steven H. Eckstein, for appellant.

Jess C. Weade, Fayette County Prosecuting Attorney, and Rachel S. Martin, Assistant Prosecuting Attorney, for appellee.

**PIPER, P.J.**

{¶ 1} Appellant, Braydon Kettles, appeals his conviction in the Fayette County Court of Common Pleas. Following a jury trial, Kettles was found guilty of two counts of rape. The trial court determined that the counts were allied offenses of similar import and merged the offenses. The trial court imposed the sentence on Count 1, rape of a child under 13 years of age, and sentenced Kettles to a mandatory prison term of 25 years to

life.

### Facts Leading to Indictment

{¶ 2} In January 2022, a 12-year-old female reported that Kettles, a 17-year-old, had sexually abused her. The victim stated that she had been resting on her bed watching videos with Kettles. She fell asleep and woke up to Kettles touching her and rubbing her vagina. The victim stated that Kettles then pulled down both their pants and put his "thing" inside her. The victim clarified that Kettles put his penis inside her vagina. The victim said Kettles stopped because she squeezed her legs together.

{¶ 3} Kettles was asked about the allegations in a video recorded interview with Detective Matthew Ellis in which Kettles' father was also present. During the interview, Kettles initially said he was confused and not sure what had happened. When confronted with the specific allegations, Kettles said that he "didn't enjoy it at all" and "it was disgusting."

{¶ 4} At that point, Kettles' father asked for a moment alone with Kettles and the two went to a separate room. The conversation was captured on a video recording. Kettles' father whispered to Kettles about the statements he had just made. Kettles then said that he "didn't do it." Kettles' father can be heard coaching Kettles on how to respond to Detective Ellis' questions.

{¶ 5} When Kettles and his father returned to the interview room with Detective Ellis, Kettles attempted to recharacterize his prior statement telling Detective Ellis "he [Kettles' father] talked to me about what I said and like when I said it is [sic] disgusting I wasn't talking about me doing it I just, like – the situation." Kettles said that he had never touched the victim "that way." He said that he had previously jumped on the victim and hugged her, but he had "never touched her sexually like she said."

### Indictment and Jury Trial

{¶ 6} On October 21, 2022, Kettles was indicted on one count of rape of a child less

than 13 years of age and one count of rape by force or threat of force. The matter proceeded to a jury trial. The victim did not testify at trial.

{¶ 7} The state called Amy Ferguson, a manager at a child advocacy center, Michael's House. Ferguson testified that she conducted a forensic interview with the victim. Portions of that forensic interview were shown to the jury. Therein, the victim stated that Kettles had rubbed and touched her vagina with his hand and then put his penis in her vagina.

{¶ 8} The state then called Detective Ellis to testify about his investigation. The jury was shown portions of the interview between Kettles and Detective Ellis where Kettles' father was present. The jury was also shown the video recording of the interaction between Kettles and his father in the separate room.

{¶ 9} During his testimony, the state asked Detective Ellis what the victim's date of birth was. Detective Ellis initially testified that he could not recall the victim's date of birth. The state refreshed Detective Ellis' recollection by providing him with a copy of his report. Kettles objected on the basis of foundation, which the trial court overruled. After viewing his report, Detective Ellis testified that his memory had been refreshed and stated the victim's date of birth.[1]

{¶ 10} Following the testimony and admission of exhibits, the state rested. Kettles made a Crim. R. 29 motion for acquittal, which the trial court denied. Kettles did not present any evidence in his defense. Kettles renewed his Crim. R. 29 motion for acquittal, which the trial court again denied. After deliberations, the jury found Kettles guilty of both counts of rape. Kettles now appeals, raising two assignments of error for review.

---

1. There was no hearsay objection even though Detective Ellis said he heard the victim state her date of birth during the forensic interview. It is unclear if Detective Ellis knew the victim's date of birth through any other means. Detective Ellis simply answered "yes" when asked if the victim's date of birth "comes with the report."

**Appeal**

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT-APPELLANT'S CRIM. R. 29 MOTION FOR ACQUITTAL AS TO COUNT ONE OF THE INDICTMENT.

{¶ 13} In his first assignment of error, Kettles argues the trial court erred by denying his Crim.R. 29 motion for acquittal. Rape is defined in R.C. 2907.02, which provides:

> (1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
>
> * * *
>
> (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
>
> * * *
>
> (2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.

{¶ 14} The standard of review for a denial of a Crim.R. 29(A) motion for acquittal is the same as the standard of review for a sufficiency of the evidence claim. *State v. Robinson*, 12th Dist. Butler No. CA2015-01-013, 2015-Ohio-4533, ¶ 37. Whether the evidence presented is legally sufficient to sustain a verdict is a question of law. *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.).

{¶ 15} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. This test "requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34.

### Admission of Evidence Not Raised as an Assignment of Error

{¶ 16} Kettles only challenges Count 1 on grounds of sufficiency involving the rape of a child under 13 years of age. Kettles argues that the evidence regarding the victim's age was inadmissible hearsay that should not have been admitted into evidence. Therefore, without this evidence, Kettles maintains the state's evidence was not sufficient to establish that he was guilty of rape of a child under 13.

{¶ 17} However, Kettles has not separately challenged the propriety of the admission of the evidence in a separate assignment of error. *See State v. Ward*, 9th Dist. Lorain No. 09CA009720, 2011-Ohio-518, ¶ 20. While Kettles references the use of hearsay testimony in connection with his challenge to the sufficiency of the evidence, that is not the same as assigning error on appeal. *State v. Miller*, 12th Dist. Preble No. CA2019-11-010, 2021-Ohio-162, ¶ 35 (appellant did not raise an assignment of error regarding his contentions and thus failed to challenge that issue on appeal).

{¶ 18} Despite his argument that his conviction relies upon inadmissible hearsay, the supreme court has held that when reviewing the sufficiency of the evidence, an appellate court is to consider all of the evidence admitted at trial, even if the evidence was improperly admitted. *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, at ¶ 19; *State v. Piercefield*, 12th Dist. Clermont No. CA2022-09-046, 2023-Ohio-1781, ¶ 32; *State v. Denny*, 9th Dist. No. 08CA0051, 2009 Ohio 3925, at ¶ 12 ("* * * the administration of justice dictates that the appellate court review the issue of sufficiency in consideration of all the evidence presented

by the State in its case in chief, whether such evidence was properly admitted or not"). This is because the state "may rely upon the trial court's evidentiary rulings in deciding how to present its case." *Brewer* at ¶ 19. Thus, Kettles may not base his sufficiency argument on the contention that the evidence was improperly admitted. *Ward* at ¶ 20.

{¶ 19} In this case, the trial court admitted evidence that the victim was under the age of 13 at the time of the offense. While Kettles could have appealed that evidentiary issue, he did not do so and instead argues the trial court erred by not granting his Crim.R. 29 motion for acquittal. Kettles has not raised any other issue concerning the sufficiency of the evidence as to Count 1 and he makes no challenge to the sufficiency of the evidence as to Count 2. As a result, we find the trial court did not err by denying Kettles' Crim.R. 29 motion for acquittal.[2] Accordingly, Kettles' first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT AGAINST THE APPELLANT AS TO COUNTS ONE AND TWO OF THE INDICTMENT AS SUCH VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 22} In his second assignment of error, Kettles argues his convictions are against the manifest weight of the evidence. Kettles argues the evidence failed to show that he had "sexual conduct" with the victim. Therefore, he claims that the jury "clearly lost its way" in finding him guilty.

{¶ 23} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶

---

2. As in *Brewer*, this case involves an alleged trial error in the admission of evidence. This stands in contrast to cases where the state simply failed to introduce any evidence to prove an element of the crime. *State v. Kareski*, 137 Ohio St.3d 92, 2013-Ohio-4008, ¶ 17.

To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 24} As noted above, Kettles was found guilty of rape in violation of R.C. 2907.02(A)(1)(b) and 2907.02(A)(2). Both require the state to prove, beyond a reasonable doubt, that the offender engaged in "sexual conduct" with another. R.C. 2907.01(A) defines the term "sexual conduct" to include "vaginal intercourse between a male and female." Vaginal intercourse between a male and a female means penetration of the vagina with the penis. *State v. Jackson*, 12th Dist. Warren No. CA2023-03-021, 2023-Ohio-3749, ¶ 18. "This penetration need only be slight, however." *State v. Zamora*, 12th Dist. Clermont Nos. CA2022-10-060 and CA2022-11-071, 2023-Ohio-1847, ¶ 9, citing *State v. Remy*, 2d Dist. Clark No. 2017-CA-6, 2018-Ohio-2856, ¶ 27.

{¶ 25} In this case, the state presented evidence from the forensic interview in which the victim disclosed that Kettles started touching her vagina with his hand and then put his penis in her vagina. The state also introduced the recorded interview between Detective Ellis and Kettles where Kettles said, "it was disgusting" and he "didn't enjoy it at all" when questioned about the accusation. The jury was also able to observe Kettles' statements and demeanor before his father took him aside to a separate room. When Kettles returned to the interview room, he told Detective Ellis that he meant "the situation" is disgusting. The jury, as trier of fact, was in the best position to weigh the credibility of the witnesses and the weight to be given the evidence. *State v. Jones*, 12th Dist. Butler No. CA2015-02-020,

2015-Ohio-5029, ¶ 41.

{¶ 26} Following review, we find the jury did not lose its way in determining that Kettles had sexual conduct with the victim. Kettles' conviction was not against the manifest weight of the evidence. Therefore, Kettles' second assignment of error is overruled.

{¶ 27} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.